J-S17029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEREL BRITTON | : | |
| | : | |
| Appellant | : | No. 44 MDA 2021 |

Appeal from the PCRA Order Entered December 2, 2020,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s):  CP-22-CR-0000013-2005.

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED SEPTEMBER 10, 2021**

Derel Britton appeals from the order denying as untimely his third petition filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The pertinent facts and procedural history have been summarized as follows:

> On October 18, 2004, the victim, Kenneth Pailen, drove to Harrisburg with the intent of purchasing illegal drugs.  He observed [Britton] standing on a porch at a residence located on Schuylkill Street, and believing that he might be a drug dealer, Pailen stopped his car.  [Britton] and his cohort, Donald James Sherrill, Jr., approached Pailen's car.  After looking at Pailen, Sherril stated that he thought Pailen looked like a guy with whom [Britton] may have fought previously.  In response, [Britton] shot Pailen, who survived and testified against [Britton] and his cohort at their joint jury trial.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The jury convicted [Britton] of various crimes, including attempted homicide, and on April 12, 2006, the trial court imposed an aggregate sentence of twenty-one years to forty-two years in prison. On April 5, 2007, this Court affirmed [Britton's] judgment of sentence on direct appeal. [Britton] did not file a petition for allowance of appeal with our Supreme Court.

On or about April 7, 2008, [Britton] filed a timely *pro se* PCRA petition, and counsel was appointed to represent him. The PCRA court provided notice of its intent to dismiss [Britton's] first PCRA petition and granted counsel permission to withdraw. Thereafter, [Britton] retained private counsel, who filed a response to the PCRA court's notice, and following a hearing, the PCRA court denied [Britton's] first PCRA petition on February 3, 2011.

[Britton] filed a timely appeal and raised in this Court the issue of whether trial counsel was ineffective for failing to call [Britton's] cousin, Jalieta Britton, as an alibi witness at trial. Concluding [Britton] was not entitled to relief, this Court affirmed the PCRA court's denial of [Britton's] first PCRA petition. [Britton] filed a petition for allowance of appeal, which our Supreme Court denied on March 1, 2013.

*Commonwealth v. Britton*, 154 A.3d 867 (Pa. Super. 2016), unpublished memorandum at 1-3 (citations omitted).

On or about May 1, 2013, Britton filed a second *pro se* PCRA in which he asserted that he possessed newly-discovered evidence in the form of a letter his mother had received from Calvin McKinney stating that his brother, Fred McKinney, a/k/a "CJ" actually committed the crime. The Commonwealth filed a response. The PCRA court issued notice of its intent to dismiss, and Britton filed a *pro se* response. On October 9, 2015, the PCRA court dismissed Britton's second *pro se* PCRA petition as untimely.

Britton filed a timely appeal to this Court in which he claimed that Calvin McKinney's notarized letter constituted newly discovered facts pursuant to 42 Pa.C.S.A. section 9545(b)1(ii). A panel majority rejected this claim by concluding that the letter did "not provide 'unknown facts' and constitute[d], at most, a newly discovered or newly willing source for known facts." *Britton*, *supra*, unpublished memorandum at 9.[1] In reaching this conclusion, the majority noted that "defense counsel explored at length the possibility that Fred McKinney, aka 'CJ,' was the shooter." *Id.* As part of this discussion, the majority cited a portion of the trial transcript in which Detective John O' Connor testified that Officer Julian Adams had provided him with information establishing McKinney as a suspect. *Id.* at 9-10. The majority further stated:

> Additionally, defense counsel indicated that he intended to call Officer Julian Adams as a witness to testify on behalf of [Britton]. The trial court, out of the presence of the jury, directed defense counsel to question Officer Adams to establish whether his proffered testimony would have any probative value.
>
> Upon questioning, Officer Adams indicated, in relevant part, that while he was working as a security officer at a bingo hall on October 21, 2004, a woman approached him, said her name was Margaret, and informed him that people were saying the police had the wrong person for the shooting at issue. Specifically, he testified Margaret indicated people at the bingo hall were saying the shooter was a "person who goes by CJ or JC." Officer Adams indicated he provided this information in his supplemental police report, and he confirmed that Margaret had no

---

[1] In a dissenting memorandum, Judge John Bender disagreed with the majority's characterization of the letter and would have remanded for an evidentiary hearing.

> "firsthand knowledge" but was repeating rumors she had heard.
>
> The trial court then questioned Detective O'Connor, out of the presence of the jury, as to whether "CJ" was Fred McKinney, and he indicated, "I don't know off the top of my head, but I think he does go by Charles." Detective O'Connor then indicated he spoke to Jodi Moppin about Fred McKinney. Ultimately, the trial court excluded Officer Adams' proffered testimony on the basis it lacked any probative value and was based upon hearsay.

***Britton***, ***supra***, unpublished memorandum at 10-11. We therefore affirmed the PCRA court's denial of post-conviction relief.

On August 18, 2020, Britton filed the *pro se* PCRA petition at issue, his third. On October 8, 2020, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent do dismiss Britton's petition as untimely filed and because he failed to establish any exception to the PCRA's time bar. Britton filed a *pro se* response. By order entered December 2, 2020, the PCRA court denied Britton's third PCRA petition. Britton filed a timely appeal to this Court. Thereafter, current counsel entered his appearance. Both Britton and the PCRA court have complied with Pa.R.A.P. 1925.

Britton now raises two issues claiming he met a timeliness exception based on Officer Adams' termination from the Harrisburg Police Department. Specifically, he claims:

> I. Whether it was an abuse of discretion to dismiss [Britton's] PCRA petition without a hearing when the PCRA court determined that [Britton] failed to set forth how government officials interfered with [Britton's] learning of the evidence regarding [] Julian Adams' termination from the Harrisburg Police force?

- 4 -

> II. Whether it was an abuse of discretion to dismiss [Britton's] PCRA petition without a hearing where the evidence regarding the termination of Julian Adams' termination from the Harrisburg Police force, constituted newly discovered evidence that may have resulted in a different verdict?

Britton's Brief at 4 (excess capitalization omitted).[2]

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

As mentioned, in both of his issues, Britton essentially challenges the PCRA court's conclusion that his third PCRA petition was untimely. The

---

[2] The Commonwealth did not file a brief.

- 5 -

timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231-233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). A PCRA petition invoking one of these statutory exceptions must be filed within one year the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Finally, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Here, Britton's judgment of sentence became final on May 7, 2007, thirty days after we affirmed his judgment of sentence and the time for filing a petition for allowance of appeal to our Supreme Court. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Britton had until May 7, 2008, to file a timely petition. Because Britton filed his second petition in 2020, it is patently untimely unless

he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Britton argues that in his third PCRA petition he established both the governmental interference exception and the newly discovered fact exception. Both claims are based upon Britton's recent discovery that Officer Julian Adams had been terminated from the Harrisburg Police force in 2007 after an internal affairs investigation revealed he had lied while testifying in an unrelated criminal proceeding. According to Britton, the Commonwealth committed a **Brady**[3] violation when it failed to disclose Officer Adams' investigation and termination to the defense, and that the information regarding the officer's termination constituted newly discovered evidence. We disagree.

Although a **Brady** violation might fall within the governmental interference exception to the PCRA's time bar, the statute nevertheless requires a petitioner to plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the information on which he relies could not have been obtained earlier with the exercise of due diligence. No **Brady** violation occurs when the parties had equal access to the information or if the defendant knew or could have

---

[3] **See Brady v. Maryland**, 373 U.S. 83 (1963).

uncovered such evidence with reasonable diligence. ***Commonwealth v. Williams***, 105 A.3d 1234 (Pa. Super. 2014).

This court has explained the newly-discovered-fact exception to the PCRA's time bar as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Here, the PCRA court found that Britton did not explain how governmental officials interfered with his learning of Officer Adams' termination or how he could not have discovered this sooner. ***See*** Rule 907 Notice, 10/8/20, at 5. The court explained:

> [Britton's] PCRA petition fails to set forth how government officials interfered with his learning of the case or why he could not have ascertained such information earlier by the exercise of due diligence. [Officer] Adams commenced [a discrimination] action by filing a complaint on June 21, 2007. The case therefore existed as a matter of public record at that time. [Britton] asserts that he learned of the case thirteen years later, on February 14, 2020. The Pennsylvania Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove that

- 8 -

one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008). Because [Britton] fails to satisfy a timeliness exception, we need not address whether any nexus exists between [Britton's] case and the matters at issue in [Officer Adams' civil suit].

Rule 907 Notice, 10/8/20 at 5. Our review of the record supports the PCRA court's conclusion that Britton has failed to meet his burden.

Britton's claims to the contrary are unavailing. First, as to his claim of governmental interference based upon a ***Brady*** violation, Britton asserts:

> Despite the fact that Adams was known to receive evidence important to [his] case, that Adams was a potential witness in [his] case, and that defense counsel had requested information relating to Adams (and all officers), the Commonwealth failed to disclose the investigation into Adams[] regarding his perjured testimony even as Adams testified at [his] trial.

Britton's Brief at 13.

Britton correctly recognizes that, for purposes of ***Brady***, exculpatory evidence includes possible impeachment evidence. ***See id.*** (citing ***Napue v. Illinois***, 360 U.S. 264 (1959); ***Commonwealth v. Strong***, 761 A.2d 1167 (Pa. 2000). However, within his PCRA petition, although Britton cited ***Brady***, he did not explain adequately how the investigation of Officer Adams and his subsequent termination was disclosable impeachment evidence given the circumstances of Britton's trial. As noted above, Britton's defense counsel attempted to call Officer Adams as a witness to support Britton's claim that someone else committed the shooting. Officer Adams was questioned outside

the presence of the jury, and the trial court ultimately ruled that his proffered testimony was not probative.

Second, as to his claim that he established the newly-discovered-fact exception, although Britton acknowledges that he had to prove due diligence, he asserts that, because his petition was dismissed without a hearing, "he never had the chance to bear his burden." Britton's Brief at 17. Britton misunderstands his burden. As noted above, to meet the exception, "[a] petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." Britton provides no such explanation. Rather, he makes the bare assertion that "as evidenced by the lack of information regarding Officer Adams' transgressions in his multiple appeals and PCRA petitions [he] was not aware of the facts he now relies on and secondly, he has certainly been exercising due diligence these many years and only recently discovered the issues regarding Officer Adams." Britton's Brief at 18.

As the PCRA court noted, Officer Adams' termination from the Harrisburg Police force has been a matter of public record for years. In **Commonwealth v. Small**, 238 A.3d 1267, 1281 (Pa. 2020), our Supreme Court "disavow[ed] the public record presumption" as it is in tension with the statutory language of the newly-discovered-fact exception. Nonetheless, in this case, it is Britton's failure to explain why he could not have learned of Officer Adams' termination earlier than 2020 that dooms his attempt to establish this exception. **See Commonwealth v. Brown**, 111 A.3d 171, 176

- 10 -

(Pa. Super. 2015) (explaining the due diligence requirement for a timeliness exception is strictly enforced; due diligence demands that the petitioner take reasonable steps to protect his own interests). Britton asserts that "during research in the prison law library, [he] learned of the investigation and termination of Adams by happenstance when he came across a federal discrimination claim filed by Adams based on his termination." Britton's Brief at 17. He does not, however, explain why he could not have discovered Officer Adams' termination through earlier research.

In sum, because the record supports the PCRA court's conclusion that Britton's third PCRA petition was untimely, the court lacked jurisdiction to consider its merits. We therefore affirm the PCRA court's order denying Britton post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/10/2021